**BUSH GOTTLIEB, A Law Corporation**
JULIE GUTMAN DICKINSON (SBN 148267)
*jgutmandickinson@bushgottlieb.com*
JASON WOJCIECHOWSKI (SBN 263911)
*jasonw@bushgottlieb.com*
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile:  (619) 564-6665

**HERZFELD, SUETHOLZ, GASTEL, LENISKI, and WALL PLLC**
JOEY P. LENISKI JR. (TN Bar No. 22891)
joey@hsglawgroup.com
The Freedom Center
223 Rosa Parks Avenue, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 800-6225
(pro hac vice application forthcoming)

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEVI CHIN and TERESA PRECIADO on behalf of themselves, and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> EVERGREEN FREEDOM FOUNDATION, <br> Defendant | CASE NO. 5:24-cv-1473 <br><br> **CLASS ACTION COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

1
CLASS ACTION COMPLAINT

Plaintiffs, Levi Chin and Teresa Preciado ("Plaintiffs"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of counsel, and on information and belief as follows:

## NATURE OF ACTION

1. This case involves Evergreen Freedom Foundation ("Evergreen") who contacted individuals through the use of unsolicited emails with misleading subject lines in violation of the Cal. Bus. & Prof. Code § 17529, *et seq*. (hereinafter referred to as the "California Anti-Spam Law").

2. The California Anti-Spam Law aims to deter the "annoyance" of unsolicited email-advertisements," as well as the "cost on users, using up valuable storage space in e-mail inboxes, as well as costly computer bandwidth, and on networks and the computer servers that power them, and discourages people from using e-mail."

3. Spam emails "also cause[] many additional problems because it is easy and inexpensive to create, but difficult and costly to eliminate." This includes the "'cost shifting' from deceptive spammers to Internet business and e-mail users," which "has been likened to sending junk mail with postage due or making telemarketing calls to someone's pay-per-minute cellular phone."

4. Additionally, "spam is responsible for virus proliferation that can cause tremendous damage both to individual computers and to business systems."

5. Defendant has violated the California Anti-Spam Law by sending misleading emails to Plaintiffs and Class Members without Plaintiffs' and Class Members' prior express consent in absence of a preexisting relationship.

6. Plaintiffs bring this action for injunctive relief, statutory damages, and attorneys fees and costs, all arising from the illegal activities of Defendant.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this case based on diversity of citizenship under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the citizenship of the parties at issue are diverse.

8. This Court has specific personal jurisdiction over Defendant because Defendant targeted consumers with advertising emails in California and this District, including to Plaintiffs, who reside in this District. Defendant's email marketing directed to residents of California is the subject of this dispute from which this lawsuit arises.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial amount of the conduct and events giving rise to this case, the transmission of unsolicited email advertisements directed to and received by residents of California including those sent to Plaintiffs, occurred in this District, Defendant Evergreen has an office located in this District in Orange County, and Plaintiffs reside in this District.

## PARTIES

10. Plaintiff Levi Chin, is, and at all times mentioned herein was, an individual citizen of the state of California and resident of Moreno Valley, Riverside County, California.

11. Plaintiff Teresa Preciado, is, and at all times mentioned herein was, an individual citizen of the state of California and a resident of Riverside, Riverside County, California.

12. Defendant Evergreen is a corporation. At the time of the events described in this Complaint, Evergreen was registered in the State of Washington, but effective June 3, 2024, has registered as a domesticated corporation in the State of Texas. Evergreen's registered agent for service of process in Texas is listed as CT Corporation System, 1999 Bryan St., Ste., 900, Dallas, Texas 75201.

## FACTUAL ALLEGATIONS

13. Plaintiffs are employees of San Bernadino County, California, and are members of the Teamsters Local 1932 union, which represents approximately 14,000 public employees in California.

14. On April 25, 2024, Plaintiffs each received an email to their work email accounts from "orlando@optouttoday.com." These emails contained a subject line

marked as "Your Experience with Teamsters – Your Voice Matters." The substance of the email, however, reveals that the sender is not affiliated with Teamsters, but instead notates several references to its silent political agenda to encourage union members to "stop paying dues" and advising members that they "have the right to stay in or leave your public sector union." The email advertises or promotes optouttoday.com's services, which is stated explicitly in the email as "help to stop paying dues" by filling out the forms on the website in order to opt-out of their public sector union. The emails also serve as an advertisement of Defendant's services in assisting union members in leaving their respective union. These emails are attached hereto as cumulative Exhibit A.

15. Evergreen operates as, directs, and controls the entity titled Opt Out Today, and its employees, including Orlando Ibarra. On the website optouttoday.com, it describes itself as a project of Evergreen, which has gross revenues exceeding $500,000.00.

16. Evergreen on its website, https://www.freedomfoundation.com/about-freedom-foundation/, holds itself out as "a battle tank that's battering the entrenched power of left-wing government union bosses who represent a permanent lobby for bigger government, higher taxes, and radical social agendas."

17. The optouttoday.com website states that information it receives from email recipients who visit "is recorded and stored for the purpose of responding to or processing your contact request or union membership cancellation form."

18. The emails received by Plaintiffs were unsolicited.

19. The email itself is a template which, upon information and belief, was used to send thousands of emails to Plaintiffs and their co-workers. The fact that this email is a template is confirmed by the fact that the email greeting is not personalized, and instead states "Dear [blank],".

20. Upon information and belief, Defendant paid for, authorized, and directed the unsolicited and misleading emails to Plaintiffs and members of the

proposed class for the purpose of pushing its political agenda in abolishing unions nationwide.

21. Plaintiffs further allege on information and belief that in each instance of transmission, Defendant had actual notice of participation, or a high degree of involvement, in a plan to create and transmit the emails to Plaintiffs and the putative Class Members.

22. Other individuals and/or entities whose names are not known to Plaintiffs but will be revealed in discovery are likely also funding and directing the illegal email campaign described above.

23. In receiving the unsolicited and misleading emails, Plaintiffs suffered concrete harm in the form of lost time spent reading the emails and responding in an attempt to discern the context given the headline's objectively misleading nature, and an invasion of privacy. Plaintiffs also found the Defendant's emails harassing, annoying, and deceptive.

24. Plaintiffs have neither a preexisting or current business relationship with Defendant nor provided direct consent to receive the emails or advertisements from Defendant.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs incorporate paragraphs 1-24 as if fully alleged herein.

26. Plaintiffs bring this action on behalf of themselves, and behalf of all other persons similarly situated (hereinafter referred to as "the Class").

27. *Class Definition:* Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> **All individuals in California who received one or more email(s) from Defendant Evergreen Freedom Foundation, by and through Opt Out Today, on or around April 25, 2024, containing the subject line "Your Experience with Teamsters – Your Voice Matters."**

Plaintiffs represent, and are members of, the Class. Excluded from the Class are Defendant and any entities in which a Defendant has a controlling interest, Defendant' agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, Plaintiffs' counsel, and any claims for personal injury, wrongful death and/or emotional distress.

28. This Class Action Complaint seeks injunctive relief and money damages.

29. ***Numerosity under FRCP 23(a)(1):*** Plaintiffs do not know the exact number of members in the Class, but on information and belief, the number of Class members exceeds 40. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of claims in a class action will provide substantial benefit to the parties and the judicial economy of the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant and/or any vendors who transmitted the unsolicited email on their behalf.

30. ***Commonality under FRCP 23(a)(2):*** There are well defined, nearly identical, questions of law and fact affecting all Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether the emails sent to Plaintiffs and the Class contain a misrepresentation in the subject line;

    b. Whether the emails sent to Plaintiffs and the Class would be likely to mislead the recipients;

    c. Whether the emails were made by or sent at the direction of one or more of the Defendant;

    d. Whether Defendant can meet their burden of showing they obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to send such emails (if applicable);

    e. Whether Defendant are liable for damages,

and the amount of such damages; and

   f. Whether Defendant should be enjoined from engaging in such conduct in the future.

31. ***Typicality under FRCP 23(a)(3):*** As persons who received the emails, without their prior express consent within the meaning of the California Anti-Spam Law, Plaintiffs assert claims that are typical of each Class member. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

32. ***Adequacy under FRCP 23(a)(4):*** Plaintiffs are members of the putative class, and shall exercise due care and diligence in pursuing these claims on behalf of the putative class. Plaintiffs have also retained counsel experienced in handling class action claims involving violations of federal and state consumer protection and privacy statutes.

33. ***Predominance and Superiority under FRCP 23(b)(3):*** The common questions of law and fact involving the Class claims predominate over questions which may affect individual Class members. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the California Anti-Spam Law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for the violation of the California Anti-Spam Law are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the emails at issue all used the same template, and the Class members did not provide prior express consent required under the statute to authorize receipt of such emails.

34. ***Injunctive Relief under FRCP 23(b)(2):*** Defendant has acted on grounds applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiffs alleges that the California Anti-Spam

Law violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

35. *Class Notice:* Plaintiffs anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include: United States mail, electronic mail, Internet postings, and/or published notice.

## CAUSE OF ACTION

## FIRST COUNT: VIOLATION(S) OF THE CALIFORNIA ANTI-SPAM LAW

36. Plaintiffs incorporate paragraphs 1-35 as if fully alleged herein.

37. The California legislature enacted the California Anti-Spam Law due to the "increasing drain on corporate budgets and possibly a threat to the continued usefulness of the most successful tool of the computer age." Cal. Bus. & Prof. Code § 17529(b).

38. The overarching purpose of the California Anti-Spam Law is to prohibit spam and regulate emails. *Id*. at § 17529(m).

39. The California Anti-Spam Law regulates, among other things, the transmission and content of electronic mail messages initiated for the purpose of advertising and promoting, among other things, services. *Id.* at §§ 17529.1 and 17529.5.

40. The California Anti-Spam Law imposes liability on an entity where unsolicited email advertisements which violate the California Anti-Spam law are sent on its behalf. *Id.* at § 17529.8.

41. Plaintiffs are, and at all times mentioned herein were, "recipients" as defined by Cal. Bus. & Prof. Code § 17529.1(m).

42. Further, at all times mentioned herein, Plaintiffs have neither 1) a preexisting or current business relationship with Defendant nor 2) provided direct consent to receive advertisements from Defendant within the meaning of Cal. Bus. & Prof. Code § 17529.1(o). Thus, the emails at issue are within the meaning of

"Unsolicited Commercial E-mail Advertisement" as defined by the California Anti-Spam Law. Cal. Bus. & Prof. Code § 17529.1(o).

43. Defendant is, and at all times mentioned herein were "advertisers" as defined by California Anti-Spam Law. Cal. Bus. & Prof. Code § 17529.1(a).

44. The emails at issue were sent to the California based email addresses of the Plaintiffs.

45. The emails at issue were "commercial e-mail advertisements" within the meaning of § 17529.1(c), intending to advertise the services of Defendant in providing assistance to union members in terminating their memberships by hosting a website which: (1) collects contact information and other data about the member; and (2) provides the member with opt-out instructions and customized opt-out forms for specific public-sector unions, which the member can either print or have Defendant mail to them.

46. The subject line of the emails at issue contained a subject line that was both misrepresentative of the context of the emails' substance and misleading about a material fact regarding the contents or subject matter of the message under California Anti-Spam Law. Cal. Bus. & Prof. Code § 17529.5(a)(3).

47. The emails specifically misrepresented a material fact regarding the contents and/or subject matter of the email under § 17529.5(a)(3) in that the subject line appeared on its face to be endorsed or solicited by the Teamsters, when in fact the email actually is intended to advertise the Defendant' website services in providing instructions and forms for the union member to opt-out of their membership with the Teamsters.

48. Defendant knew the emails would be likely to mislead the Plaintiffs and recipients, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the Emails under § 17529.5(a)(3).

49. As a result of Defendant' conduct, Plaintiffs and the Class have suffered actual damages and liquidated damages under the California Anti-Spam Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court grant Plaintiffs and all putative Class members the following relief against Defendant:

A. Injunctive relief prohibiting such violations of the California Anti-Spam Law by Defendant in the future;

B. Liquidated damages, as provided by statute, of up to $1,000.00 for each Email sent to the putative class, up to the maximum recovery of $1,000,000.00 per incident;

D. An award of reasonable attorneys' fees and costs to counsel for Plaintiffs and the Class;

E. An order certifying this action to be a proper class action, establishing an appropriate Class (and any Subclasses the Court deems appropriate), finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

F. A trial by jury on all counts so triable; and

G. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

DATED: July 15, 2024          Respectfully submitted,

　　　　　　　　　　　　　　　　 _/s/Julie Gutman Dickinson___
　　　　　　　　　　　　　　　　 Julie Gutman Dickinson
　　　　　　　　　　　　　　　　 **BUSH GOTTLIEB, A Law Corporation**
　　　　　　　　　　　　　　　　 JULIE GUTMAN DICKINSON
　　　　　　　　　　　　　　　　 *jgutmandickinson@bushgottlieb.com*
　　　　　　　　　　　　　　　　 JASON WOJCIECHOWSKI (SBN 263911)
　　　　　　　　　　　　　　　　 *jasonw@bushgottlieb.com*
　　　　　　　　　　　　　　　　 801 North Brand Boulevard, Suite 950
　　　　　　　　　　　　　　　　 Glendale, California 91203-1260
　　　　　　　　　　　　　　　　 Telephone: (818) 973-3200
　　　　　　　　　　　　　　　　 Facsimile: (818) 973-3201

|   |   |
|---|---|
| 1 | *s/ Ronald A. Marron* |
| 2 | Ronald A. Marron<br>**LAW OFFICES OF RONALD A. MARRON** |
| 3 | RONALD A. MARRON |
| 4 | ron@consumersadvoocates.com |
| 5 | ALEXIS M. WOOD<br>alexis@consumersadvocates.com |
| 6 | KAS L. GALLUCCI |
| 7 | kas@consumersadvocates.com<br>651 Arroyo Drive |
| 8 | San Diego, California 92103 |
| 9 | Telephone: (619) 696-9006<br>Facsimile: (619) 564-6665 |

*s/Joey P. Leniski, Jr.*
Joey P. Leniski, Jr. (TN Bar No. 22891_
HERZFELD, SUETHOLZ, GASTEL,
LENISKI, and WALL PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 800-6225
Email:       joey@hsglawgroup.com
(pro hac vice application forthcoming)

The filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.